IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROLYN SHELHART, | ) |
| | ) Nº 19-cv- |
| Plaintiffs, | ) |
| | ) |
| v. | ) District Judge |
| | ) |
| BADNEWS DELIVERY INC. AND | ) Magistrate Judge |
| TOM COOPER, INDIVIDUALLY | ) |
| | ) |
| Defendants | ) *JURY DEMAND* |
| | ) |

WESTERN DIVISION

COMPLAINT

NOW COMES Plaintiff, CAROLYN SHELHART, on behalf of herself and all other Plaintiffs similarly situated, by and through her attorney, DONALD R. BREWER, and for her Complaint against Defendants, BADNEWS DELIVERY INC., AND TOM COOPER, INDIVIDUALLY, states as follows:

I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during certain times relevant to the employment relationship, Plaintiff resided in this district and Defendants are or were engaged in business in this district.

3. Defendant, BADNEWS DELIVERY INC. (hereinafter **"BADNEWS"** or "Defendant") is in the

service business of **"DELIVERY OF THE CHICAGO TRIBUNE, NY TIMES, WALL STREET JOURNAL, KOREAN TIMES, CHICAGO SUN-TIMES, BARONS, FINANACIAL TIMES, INVERSTOR DAILY, DAILEY HERALD AND OTHER DAILY NEWSPAPERS AND PERIODICLS",** providing customers with daily newspapers and periodicals which includes but is not limited to Chicago Tribune daily delivery and other news dailies, product distribution, and other services related to printed periodical distribution. **BADNEWS INC.** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **TOM COOPER, INDIVIDUALLY** (hereinafter "**COOPER**" or collectively "Defendants"), is one of the owners, capital stock owners and principles of the Defendant corporation and during all relevant times, was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff. **COOPER,** either acting alone or in concert with others, devised, implemented and oversaw the Company's compensation policy, including the policy and practice not to compensate hourly employees for all hours worked or for a particular time period as described above, and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Defendant, **TOM COOPER, INDIVIDUALLY** (hereinafter "**COOPER** or collectively "Defendants"), is either a capital stock owner, sole capital stock owner in DEFENDANT, BADNEWS, INC. or one of the owners and principles of the Defendant corporation and during all relevant times, was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff, **CAROLYN SHELHART.** COOPER or collectively "Defendants" either

acting alone or in concert with others, devised, implemented and oversaw the Company's compensation policy, including the policy and practice not to compensate hourly employees for all hours worked or hours worked for a particular time period, as described above, and therefore, as defined under both federal and state statutes relied upon, is an "employer."

6. Plaintiff, **CAROLYN SHELHART,** (hereinafter referred to as "the named Plaintiff"), is a former hourly employee who worked for Defendants from September 2015 to April 22, 2019 performed duties and tasks associated with the services provided by Defendants as described. The named Plaintiff was required to work overnight hours to deliver the Chicago Tribune and other daily newspapers and required to travel substantially to different areas in northern Illinois to perform the described job duties. Plaintiff worked hours in excess of forty (40) in many workweeks, including work during inclement weather as demanded by Defendants. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who either work or worked for Defendants and were paid hourly and also performed work off the clock and during inclement weather as described above and were denied their hourly pay or compensation for the hours they worked for Defendants. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

7. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive notice of these proceedings and afforded opportunity to join their individual claims.

8. The total amount of hours worked for a particular period when Plaintiff was not paid by Defendants and the total amount of hours worked by the Plaintiff Class, and therefore the total number of regular hours for which additional compensation is owed is information substantially, if not completely, within the control and possession of Defendants in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found in Title 29 CFR, Part 516.

IV. **STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

9. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

10. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

11. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

12. (a) During Plaintiff's employment, for the most part Defendants paid Plaintiff on an hourly basis.

(b) Defendants intentionally and willfully stopped payment on a paycheck to Plaintiff, **SHELHART,** for a time period of April 1-14, 2019 after having delivered said paycheck to Plaintiff, **SHELHART** for hours worked and services provided to DEFENDANTS for that April 1-14, time period; and

(c) Defendants did intentionally and willfully not pay Plaintiff, **SHELHART,** for a time period of April 15-22, 2019, time being for hours worked and services provided to DEFENDANTS during that April 15-22, 2019 time period,

13. Plaintiff, and members of the Plaintiff Class, on a regular basis, worked for DEFENDANTS in a workweek without pay pursuant to the requirements of the federal and state.

14. Plaintiff, and members of the Plaintiff class, performed work which Defendants did not record or attempt to record as compensable time. Plaintiff, and members of the Plaintiff Class, performed some or all, but not limited to, of the following tasks without the time spent on said tasks being recorded by Defendants:

    a) time associated with travel to and from jobsite locations for delivery of newspapers and periodicals all being compensable work hours;

    b) time associated with the production of paperwork and reports before and after their regular work shift;

    c) time associated with other work that occurred before and after their regular work shift as will be shown by the evidence; and

    d) time worked after giving notice of voluntary ending employment pursuant

to a demand of Defendants that employees give a 30-day notice prior to their last day of employment.

15. This work performed by Plaintiff and members of the Plaintiff Class was compensable work without pay, done for the Defendants' benefit, in violation of the requirements of the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-15. Paragraphs 1 through 15 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 15 of this Count I.

16. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked in any pay period during the two (2) years preceding the filing of this action.

17. Defendants have at all times relevant hereto failed and refused to pay any compensation to its employees, specifically including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the

circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-17. Paragraphs 1 through 17 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 17 of Count II.

18. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

19. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate of their regular rate of pay for all hours worked less than forty (40) weekly, and one and a half times the employee's regular rate of pay for all hours in excess of forty (40) weekly in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count III.

20. In denying the named Plaintiff and members of the Plaintiff Class compensation as described and set forth above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

21. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-21. Paragraphs 1 through 21 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of this Count IV.

22. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

23. The Illinois Minimum Wage Law provides that an employer who fails to pay either wages or the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

24. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

25. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) Declaring and decreeing Defendants' compensation practices as described herein, and such other violations, which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) Awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) Allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) Directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and

litigation expenses, as provided by statute; and

(e) For such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 06/07/2019*

/S/Donald R. Brewer
_____
Donald R. Brewer - 0292516


Donald R. Brewer and Associates
444 N. Rt. 31 Suite 100
Crystal Lake, Illinois  60012
Attorney for Plaintiff, and all other
Plaintiffs similarly situated known or
unknown.